UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-23058-CIV-ALTONAGA/Reid

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,
v.

**NOVA TECH LTD.**, *et al.*,

      Defendants.
_____/

**ORDER**

**THIS CAUSE** came before the Court on Plaintiff, the Securities and Exchange Commission's Motion to Serve Defendants, Nova Tech Ltd., Cynthia Petion, and Eddy Petion via Alternative Service [ECF No. 45], filed on September 29, 2025. Plaintiff seeks authorization to serve Nova Tech Ltd.[1], Cynthia Petion, and Eddy Petion (the "Foreign Defendants") by WhatsApp, email, and electronic publication. (*See id.* 1).[2]

Plaintiff believes that the Foreign Defendants resided in Panama when the Complaint was filed in August 2024. (*See* Mot. 3 (citing Compl. ¶¶ 15–16, 47, 42; Rowsey Decl. [ECF No. 45-1] ¶ 7)). Based on this understanding, Plaintiff attempted to serve the Foreign Defendants in Panama under the Additional Protocol to the Inter-American Convention on Letters Rogatory. (*See id.* 3). Plaintiff "received notice that the Panamanian Central Authority could not complete

---

[1] NovaTech Ltd. no longer has a registered agent or designated office; thus, Plaintiff requests it be allowed to serve NovaTech through its sole officer and beneficial owner, Cynthia Petion. (*See* Mot. 2).

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

service on the Foreign Defendants at the address provided . . . and could not otherwise locate the Foreign Defendants to complete service." (*Id.* (alteration added; citations omitted)).

Plaintiff also indicates that the Foreign Defendants may be residing in Dubai, United Arab Emirates. (*See* Rowsey Decl. ¶¶ 11–12). Plaintiff received information during its investigation that suggests the Foreign Defendants "have, or were planning to have, crypto mining operations in Dubai." (*Id.* ¶ 12). Plaintiff does not explain whether it has attempted to serve the Foreign Defendants in Dubai, nor why it believes effectuating service in the United Arab Emirates would be unavailing. Without this information, the Court is unable to ascertain whether authorizing alternative service is appropriate.

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff, the Securities and Exchange Commission's Motion to Serve Defendants, Nova Tech Ltd., Cynthia Petion, and Eddy Petion via Alternative Service **[ECF No. 45]** is **DENIED** without prejudice. When Plaintiff refiles its Motion, it must address the Court's concerns regarding Plaintiff's ability to effectuate service in the United Arab Emirates.

**DONE AND ORDERED** in Miami, Florida, this 29th day of September, 2025.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record