**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-23058-CIV-ALTONAGA/Reid**

**SECURITIES AND EXCHANGE COMMISSION,**

Plaintiff,

v.

**NOVA TECH LTD.**, *et al.*,

Defendants.
_________________________________/

**ORDER**

**THIS CAUSE** came before the Court on Plaintiff, the Securities and Exchange Commission's Amended Motion to Serve Defendants, Nova Tech Ltd., Cynthia Petion, and Eddy Petion via Alternative Service [ECF No. 56], filed on January 29, 2026. Plaintiff seeks authorization to serve Defendants Nova Tech Ltd. ("NovaTech"), and Cynthia Petion and Eddy Petion (the "Petions"), by WhatsApp, email, and electronic publication. (*See id.* 1).[1]

On August 12, 2025, Plaintiff filed a Complaint, alleging Defendants operated a fraudulent multi-level marketing pyramid scheme between June 2019 and May 2023. (*See* Compl. [ECF No. 1] ¶ 1). NovaTech is an entity formed under the laws of Saint Vincent and the Grenadines. (*See id.* ¶ 14). Because NovaTech no longer has a registered agent or designated office in either location, Plaintiff seeks to serve NovaTech through its sole officer and beneficial owner, Cynthia Petion. (*See* Mot. 2–3 (citations omitted)).

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Plaintiff believes the Petions resided in Panama when the Complaint was filed in August 2024. (*See id.* 3 (citing Compl. ¶¶ 15–16, 47, 142; Mot., Ex. 1, Declaration of Catherine C. Rowsey "Rowsey Decl." [ECF No. 56-1] ¶ 7)). Based on this understanding, Plaintiff attempted to serve the Foreign Defendants in Panama under the Additional Protocol to the Inter-American Convention on Letters Rogatory. (*See id.* 3). Plaintiff "received notice that the Panamanian Central Authority could not complete service on the Foreign Defendants at the address provided . . . and could not otherwise locate the Foreign Defendants to complete service." (*Id.* (alteration added; citations omitted)). Plaintiff also explains that it "search the internet and public records, used certain tools to search for [the Petions's] potential address or other contract information, discussed the matter with other governmental agencies," and spoke with individuals who communicated with the Petions when NovaTech was operational, to no avail. (*Id.* 4).

In Plaintiff's original Motion to Serve Defendants . . . via Alternative Service [ECF No. 45], Plaintiff stated the Petions may be residing in Dubai, United Arab Emirates ("UAE"), based on testimony from two NovaTech promoters. (*See id.* 4, 8 (citing *id.*, Ex. 1, Declaration of Catherine C. Rowsey "Rowsey Decl." [ECF No. 45-1] ¶ 9–12)). The Court denied the original motion without prejudice until Plaintiff addressed the Court's concerns regarding its ability to effectuate service in the UAE. (*See* Sep. 29, 2025 Order [ECF No. 46] 2). Now, Plaintiff states it retained local counsel in the UAE to help locate the Petions and local counsel's search of the UAE's immigration records reveals the Petions last departed the UAE in April 2019 and have not returned. (*See* Mot. 5–6 (citing Rowsey Am. Decl. ¶¶ 17–18)). Based on this information, the Court agrees with Plaintiff that service on the Petions in the UAE would be unavailing.

Plaintiff proposes three alternative means of alternative service that it contends are reasonably calculated to notify the Petions. (*See id.* 8–9). First, Plaintiff has identified a

Panamanian WhatsApp number the Petions have recently used to communicate with Cynthia Petion's brother and previously used to conduct NovaTech business. (*See id.* 8 (citing Rowsey Am. Decl. ¶ 12; Mot., Ex. 3, Cynthia Petion's WhatsApp messages with Martin ZiZi [ECF No. 56-3]). Second, Plaintiff proposes serving Defendants via the email addresses used to serve them in a New York state court case filed in June 2024. (*See id.* (citing Rowsey Am. Decl. ¶¶ 13–14). Third, Plaintiff proposes service by online publication via a website containing the Complaint and all other filings in the action. (*See id.*). Plaintiff insists these means of service are appropriate because "the Petions operated NovaTech over the internet and regularly used email, WhatsApp, social media, and websites in their business." (*Id.* (citing Rowsey Am. Decl. ¶¶ 10–12; Compl. ¶¶ 28–26, 54–56, 67–71, 78, 83–84)).

Federal Rule of Civil Procedure 4(f)(3) allows a district court to order an alternate method for service to be executed on foreign defendants, provided it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. *See* Fed R. Civ. P. 4(f)(3); *see also Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-cv-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (explaining that "district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements" (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003))).

Here, no binding international agreement bars service by WhatsApp, e-mail, or web publication. Plaintiff has good reason to believe the Petions reside in Panama. (Mot. 3). The United States and Panama are both signatories to the Inter-American Convention, which does not prohibit electronic service. (*See id.* 10 (citing *Ohio ex rel Yost v. Jones*, No. 2:22-cv-2700, 2025 WL 316331, at *2 (S.D. Ohio Jan. 28, 2025)). NovaTech was formed under the laws of Saint

Vincent and the Grenadines. Saint Vincent and the Grenadines, like the United States, is a member of the Hague Service Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters and has not objected to electronic forms of service. (*See id.* 10).

Alternative service also comports with due process in this case. Both e-mail and posting on a designated website are reasonably calculated to provide Defendants with notice. Plaintiff cites a catalog of cases within the Eleventh Circuit where courts have permitted service by WhatsApp, e-mail, or online publication. (*See* Mot. 8–9). In those cases, as here: (1) the defendants conducted their businesses over the internet; (2) the defendants used e-mail, WhatsApp, social media, and websites regularly in their businesses; and (3) the plaintiff showed that these methods are likely to reach defendants. *See, e.g.*, *Rio Props. Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017−18 (9th Cir. 2002).

Given these circumstances, Plaintiff has shown good cause to serve the summons, Complaint, and all other filings in this action via WhatsApp, e-mail, and website posting.

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff, the Securities and Exchange Commission's Amended Motion to Serve Defendants, Nova Tech Ltd., Cynthia Petion, and Eddy Petion via Alternative Service **[ECF No. 56]** is **GRANTED** as follows:

a. Plaintiff may serve summonses, a copy of the Complaint **[ECF No. 1]**, and all future filings in this matter by transmitting the URL of Plaintiff's designated service website to Defendants via (i) the e-mail addresses and private messaging accounts associated with the Petions.

b. Plaintiff may alternatively serve the same materials by posting them on its designated service website.

**DONE AND ORDERED** in in Miami, Florida, this 30th day of January, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record