**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:24-23058-CIV-ALTONAGA/REID

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

NOVA TECH LTD, CYNTHIA PETION, EDDY PETION, MARTIN ZIZI, JAMES CORBETT, CORRIE SAMPSON, DAPILINU DUNBAR, JOHN GAROFANO, MARSHA HADLEY,

Defendants.

# PLAINTIFF'S NOTICE OF JOINT LIABILITY

Pursuant to the Court's Order on Default Final Judgment Procedure (ECF No. 115) ("**Order**"), Plaintiff Securities and Exchange Commission ("**Plaintiff**") files this Notice of Joint Liability and respectfully states as follows:

## Summary

Plaintiff files this Notice of Joint Liability because there are multiple defendants and the possibility of inconsistent liability/relief between defendants. (*See* ECF No. 115, Or. at 2-3 ("Where there are multiple defendants and…the possibility of inconsistent liability between defendants, Plaintiff shall file a *notice of joint liability*.") (emphasis in original)). (ECF No. 115, Or. at 2-3). As further explained below, Plaintiff is seeking similar relief against both the defaulting defendants and non-defaulting defendants, including disgorgement of ill-gotten gains, and resolving that relief now as to the defaulting defendants could result in the double counting or incorrect apportionment of disgorgement and inconsistent judgments relating thereto. In addition,

the Complaint asserts certain overlapping claims and allegations against all defendants that further create the possibility of inconsistent judgments. Judicial resources would also be conserved by Plaintiff filing its motion for final default judgments after liability against the answering defendants has been resolved, which would allow Plaintiff to file such motion consolidated or concurrently with its motions for remedies against the non-defaulting defendants.

**Brief Description of the Allegations and Possibility of Inconsistencies**[1]

The Complaint alleges that Cynthia Petion and Eddy Petion (together, the "**Petions**") operated a fraudulent pyramid scheme through Nova Tech Ltd. ("**NovaTech**"). (Compl. ¶ 1). In furtherance of that scheme, the Petions and NovaTech made several material misstatements to investors to create "the false appearance that [they] were operating a legitimate trading enterprise, when in fact, NovaTech was a fraudulent and illegal pyramid scheme." (*Id.* ¶ 65).

The Complaint also alleges that the "**Promoter Defendants**"—Martin Zizi, James Corbett, Corrie Sampson, Dapilinu Dunbar, John Garofano, and Marsha Hadley—"were instrumental in offering, marketing, and distributing the NovaTech investment." (*Id.* ¶ 7). The Promoter Defendants rose to the highest ranks in NovaTech's multi-level marketing program by recruiting, developing, and maintaining a wide network of "downline" investors, for which the Promoter Defendants received substantial commission payments from NovaTech. (*Id.*)

Four of the Promoter Defendants—Zizi, Corbett, Sampson, and Dunbar—became aware of "red flags putting them on notice that NovaTech was not a legitimate investment program." (*Id.* ¶ 115). In the face of these red flags, these Promoter Defendants "continued to promote and support the Petions and NovaTech's fraudulent scheme and engaged in other deceptive acts in furtherance

[1] This section is provided pursuant to the Order's directive that the notice "must briefly describe the allegations[.]" (ECF No. 115, Or. at 3).

of the scheme," including by working in coordination with the Petions to actively downplay the red flags to prospective and existing investors. (*Id.* ¶¶ 8, 90-92, 115).

The Complaint alleges seven claims against Defendants. Its first five claims allege violations of the anti-fraud provisions of the federal securities laws by NovaTech and the Petions. (*Id.* ¶¶ 150-169). Three of these securities fraud claims are also asserted against Promoter Defendants Corbett, Sampson, and Dunbar (see *id.* ¶¶ 150-153, 158-161, 162-165), and two are also asserted against Promoter Defendant Martin Zizi. (*See id.* ¶¶ 154-161). The Complaint's sixth claim is brought against all Defendants and alleges they each sold or offered to sell unregistered securities. (*Id.* ¶¶ 170-172). The Complaint's seventh claim alleges that the Promoter Defendants acted as unregistered securities brokers. (*Id.* ¶¶ 173-176). And the same or similar remedies are sought against all Defendants, including injunctive relief, disgorgement of ill-gotten gains and prejudgment interest thereon, and civil penalties. (*See id.* ¶ 177).

Given the overlap in allegations and claims described above, there is a possibility of inconsistent liability/relief if final default judgments were entered against NovaTech and the Petions (collectively, the "**Defaulting Defendants**") before the liability of the Promoter Defendants is resolved. For example, Plaintiff is seeking disgorgement of ill-gotten gains against the Defaulting Defendants and, to avoid double-counting and to properly apportion the ill-gotten gains among the Defendants, Plaintiff is seeking to develop evidence of the complex flow of investor funds in this case, including accounting for the commissions the Defaulting Defendants paid to the Promoter Defendants, before performing a final calculation of the disgorgement sought against the Defaulting Defendants. Plaintiff is still taking discovery from the Promoter Defendants and potentially third parties regarding the flow and use of investor funds, including the Promoter Defendants' commissions and other ill-gotten gains, and working with an expert to unravel a

voluminous number of crypto asset transactions. Thus, requiring Plaintiff to calculate disgorgement for the Defaulting Defendants at this time and before discovery is completed could result in inconsistent monetary judgments and calculations of disgorgement as to all of the Defendants.

In addition, there is the possibility of inconsistencies arising from the overlapping claims, allegations, and potential defenses applicable to both the Defaulting Defendants and the Promoter Defendants. As discussed, most of the claims asserted against the Defaulting Defendants are also asserted against one or more of the Promoter Defendants. There are also common allegations applicable to the securities fraud claims against the Defaulting Defendants and Promoter Defendants Corbett, Sampson, and Dunbar. For example, the Complaint alleges that the Defaulting Defendants operated a fraudulent pyramid scheme, made false statements in furtherance of that scheme, and downplayed red flags and investor concerns as the scheme was collapsing (Compl. ¶¶ 1, 65, 90-92), and the Complaint similarly alleges that Promoter Defendants Corbett, Sampson, and Dunbar continued promoting NovaTech's fraudulent pyramid scheme in the face of red flags, continued disseminating false statements about NovaTech, and downplayed the red flags/investor concerns in furtherance of the scheme. (*Id.* ¶¶ 91-92, 115, 124-149). If the Court or jury were to determine after default judgments are entered that the commonly-alleged false statements were not materially misleading, that NovaTech was not a fraudulent pyramid scheme, or that the commonly-alleged downplaying of red flags/investor concerns were not deceptive or fraudulent acts, it is possible that could result in inconsistent judgments.

Accordingly, there is a possibility of inconsistent liability and judgments against Defendants that warrants resolving all liability in this case before deciding remedies and final default judgments against the Defaulting Defendants. It would also be more efficient, and conserve

judicial resources, if Plaintiff files its motion for final default judgments against the Defaulting Defendants after all liability against the Promoter Defendants has been resolved, because that would allow Plaintiff to file its motion for default judgments consolidated or concurrently with its motions for remedies and final judgments against the Promoter Defendants.

**Status of Other Defendants' Liability**[2]

Liability has been resolved as to one of the other Defendants—Martin Zizi, against whom the Court entered a bifurcated judgment pursuant to his settlement with Plaintiff. (*See* ECF No. 11). As stated in the Second Joint Scheduling Report, Plaintiff and Zizi respectfully "propose that any opposed motion for remedies against Zizi be decided after liability against all Defendants in this case has been resolved."[3] (ECF No. 60 at 2-3 (further explaining that this proposal would "promote consistent judgments, judicial economy, and efficiency," that Plaintiff is still "evaluating the evidence and potential discovery pertaining to" the unresolved remedies against Zizi, "as permitted by the Judgment [against Zizi]," and that "Plaintiff and Zizi have also discussed, and may continue discussing, the possibility of settling one or both of the remaining disputed issues between them")).

As for the remaining other Defendants—Corbett, Sampson, Dunbar, Garofano, and Hadley—liability has not been resolved. The parties are in discovery and actively litigating Plaintiff's claims against these Defendants pursuant to the Court's Scheduling Order.

[2] This section is provided pursuant to the Order's directive that the notice "must…advise the Court of the status of the other defendants' liability." (ECF No. 115, Or. at 3).

[3] Unless otherwise ordered by the Court, Plaintiff intends to file this motion for remedies against Zizi after the liability phase of the case is completed as to the other Promoter Defendants and combined or concurrently with its motion for remedies and/or motion to enter consent judgments as to the other Promoter Defendants.

Dated: June 15, 2026

Respectfully submitted,

*/s/ Patrick Disbennett*_______________

Patrick Disbennett
S.D. Fla. Special Bar ID A5503234
Securities and Exchange Commission
801 Cherry Street, Suite 1900
Fort Worth, Texas 76102
Tel: (817) 978-3821
disbennettpa@sec.gov

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2026, a copy of this filing was filed electronically. Notice of this filing will be sent by e-mail to all parties via their counsel who have entered an appearance in this case by operation of the Court's electronic filing system, including Defendants Martin Zizi, Marsha Hadley, and John Garofano, each of whom is represented by counsel who has entered an appearance in this case.

I further certify that on June 15, 2026, a copy of this filing will be served via mail to the last known address of Defendant Dapilinu Dunbar, as listed in his waiver of service filed in this case (see ECF Nos. 15), to the last known address of Defendant Corrie Sampson at 75 Washington Street, Unit #181, Fairburn, GA 30213, and to the last known address of Defendant James Corbett at 8 Wavecrest Dr., Mastic Beach, NY 11951-1512.

*/s/ Patrick Disbennett*_______________
Patrick Disbennett