**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-23058-CIV-ALTONAGA/Reid**

**SECURITIES AND EXCHANGE COMMISSION,**

Plaintiff,

v.

**NOVA TECH LTD.**, *et al.*,

Defendants.
________________________________/

**STIPULATED PROTECTIVE ORDER**

**THIS CAUSE** comes before the Court on Plaintiff, Securities and Exchange Commission's Unopposed Motion for Entry of Stipulated Protective Order [ECF No. 116], filed on June 15, 2026. Plaintiff requests a protective order allowing it to produce personal identifying information of Defendants, James Corbett, Corrie Sampson, Dapilinu Dunbar, John Garofano, and Marsha Hadley, while protecting against use of such PII for purposes other than preparing for litigation. (*See generally* Mot.). The Court has considered and applied the Eleventh Circuit's four-factor test for assessing whether good cause exists for the issuance of such an order. *See In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987).

Being fully advised, it is

**ORDERED** that Plaintiff, Securities and Exchange Commission's Unopposed Motion for Entry of Stipulated Protective Order **[ECF No. 116]** is **GRANTED** as follows:

1. Plaintiff intends to produce documents and electronically stored information that contains personal or confidential financial information or personal identifying information (collectively, "PII"). "PII," as used in this Order, includes social security numbers, dates of birth,

government-issued identification numbers (e.g., tax identification numbers, passport numbers, driver's license/state ID numbers), financial account numbers, crypto asset wallet numbers, credit or debit card numbers, information necessary to access a financial or other account, and any other information that qualifies as "personal information" as defined under section 501.171(1)(g), Florida Statutes.

2. Under Federal Rule of Civil Procedure 26(c), any PII that is produced to a Defendant[1] in this litigation (other than such Defendant's own PII) may not be disclosed or used by the Defendant or the Defendant's counsel for any purposes other than the preparation, trial, and appeal of this litigation.

3. In the event a Defendant wishes to use materials containing such PII in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the Defendant shall do one of the following:

(a) file only a redacted copy of the information; or

(b) file a motion to seal the document containing the PII pursuant to the Court's sealing requirements, rules, and procedures.

The Court will evaluate such motions to seal in accordance with the judicial-record sealing standard and the Court's Local Rules.

4. Within **sixty (60)** calendar days after all final judgments in this action are entered, including the exhaustion of all appeals, or within **sixty (60)** calendar days after dismissal pursuant to a settlement agreement or otherwise, each Defendant or Defendant's counsel who receives PII produced by Plaintiff must destroy or return to Plaintiff all materials and documents containing PII (other than materials or documents that contain only such Defendant's own PII).

[1] A "Defendant" as referenced in this Order refers to any one of the Defendants stipulating to this Order's terms: James Corbett, Corrie Sampson, Dapilinu Dunbar, John Garofano, or Marsha Hadley.

Notwithstanding the foregoing, counsel for any Defendant may retain as part of counsel's file, materials and documents containing PII. Counsel for any Defendant is also entitled to retain all court papers, trial transcripts, exhibits, and attorney work product that may contain PII.

5. The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying this Order. This Order shall continue to be binding after the conclusion of this litigation.

6. **Nothing in this Order amends the Scheduling Order's [ECF No. 63] prohibition on the filing of discovery motions, nor is it to be deemed approval of filing documents under seal — a practice that is disfavored.**

**DONE AND ORDERED** in Miami, Florida, this 16th day of June, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record